# Exhibit  1

## UNITED STATES OF AMERICA
### Before the
## SECURITIES AND EXCHANGE COMMISSION

**INVESTMENT ADVISERS ACT OF 1940**
**Release No. 3535 / January 22, 2013**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-15181**

| | |
|---|---|
| In the Matter of<br><br>        Sung Kook Hwang,<br><br>Respondent. | **ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS** |

### I.

   The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Sung Kook (Bill) Hwang ("Hwang" or "Respondent").

### II.

   In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept.  Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings and the findings contained in Section III.2 below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

### III.

   On the basis of this Order and Respondent's Offer, the Commission finds that:

    1.  Hwang was the sole principal and portfolio manager for Tiger Asia Fund, L.P., and Tiger Asia Overseas Fund, Ltd. (the "Funds"), both private funds, and the managing

member of Tiger Asia Management, LLC ("TAM"), an investment adviser registered with the Commission.  Hwang, 48 years old, is a resident of Tenafly, New Jersey.

2.      On December 14, 2012, a final judgment was entered by consent, without admitting or denying the allegations in the complaint, against Hwang, permanently enjoining him from future violations of Sections 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, in the civil action entitled Securities and Exchange Commission v. Tiger Asia Mgmt., LLC, et al., 12-cv-07601 (DMC), in the United States District Court for the District of New Jersey.

3.      The Commission's complaint alleged that Hwang engaged in insider trading when TAM entered into wall crossing agreements during December 2008 and January 2009 for three private placements of Chinese bank stocks, subsequently violated the wall crossing agreements by short selling the stocks, and then covered the short positions with private placement shares purchased at a discount.  The complaint further alleged that by trading after receiving the material nonpublic information concerning the private placements, Hwang breached a duty owed to the provider of the private placement information, the placement agents representing the sellers of the securities.  The complaint also alleged that Hwang violated the Advisers Act by directing trades to be placed in certain Chinese bank stocks at month's end in November and December 2008 and January and February 2009 in an attempt to manipulate the price of those stocks to increase assets under management, which in turn would increase management fees during those four months.

### IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondent Hwang's Offer.

Accordingly, it is hereby ORDERED pursuant to Section 203(f) of the Advisers Act that Respondent Hwang be, and hereby is barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization with the right to apply for reentry after five years to the appropriate self-regulatory organization, or if there is none, to the Commission.

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following:  (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served

as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

By the Commission.


Elizabeth M. Murphy
Secretary