# Exhibit Z

M4l2becP kjc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,            New York, N.Y.

4             v.                         22 Cr. 231 (LTS)

5   SCOTT BECKER,

6             Defendant.

7   ------------------------------x      Plea

8                                        April 21, 2022
                                         11:10 a.m.
9

10  Before:

11                  HON. LAURA TAYLOR SWAIN,

12                                       District Judge

13

14                      APPEARANCES

15
    DAMIAN WILLIAMS
16      United States Attorney for the
        Southern District of New York
17  BY:  MATTHEW D. PODOLSKY
        Assistant United States Attorney
18

19  COHEN & GRESSER, LLP
        Attorneys for Defendant
20  BY:  JASON BROWN
        PHOEBE KING
21

22

23  Also Present:

24  Dominique Jackson, SDNY Pretrial Services

25  Special Agent Andreas Economou-Ellison, F.B.I.

M4l2becP kjc

| 1 | (Case called) |

THE COURT:  Good morning.  Would you please introduce yourselves.

MR. PODOLSKY:  Good morning, your Honor, Matthew Podolsky for the government, and I am joined at counsel table by Special Agent Andreas Economou-Ellison of the Federal Bureau of Investigation.

THE COURT:  Good morning, Mr. Podolsky and Special Agent Economou-Ellison.

THE PROBATION OFFICER:  Good morning, your Honor. Dominique Jackson here for Pretrial Services.

THE COURT:  Good morning, Officer Jackson.

MR. BROWN:  Good morning, your Honor.  Jason Brown, of Cohen & Gresser, and I am here with my colleague Phoebe King.

THE COURT:  Good morning, Mr. Brown; good morning, Ms. King; and good morning, Mr. Becker.

Mr. Becker, is there a member of your family or a friend here in court today?

THE DEFENDANT:  No.

THE COURT:  And -- yes.

MR. PODOLSKY:  Your Honor, I can represent that another special agent with the F.B.I. is in attendance in the back of the Court.

THE COURT:  Thank you for making that clarification.

I have received a written affirmation and application

M4l2becP kjc

| | |
|---|---|
| 1 | from Mr. Podolsky that seeks the sealed filing of all of the |
| 2 | documents related to this proceeding as well as the sealed |
| 3 | docketing of the case as a Doe case.  Is there any objection to |
| 4 | that application? |
| 5 |           MR. BROWN:  No, your Honor. |
| 6 |           THE COURT:  Noting that there is none, I have reviewed |
| 7 | it carefully, and I find that the application is sufficient to |
| 8 | show cause for the measures requested by reason of the higher |
| 9 | values of protection of ongoing law enforcement investigations |
| 10 | and activity.  The order requires the government, within 90 |
| 11 | days, to update the Court as to whether and to what extent |
| 12 | there is need for the continuation of these measures. |
| 13 |           So the application is granted in accordance with the |
| 14 | provisions of the proposed order which I have just signed. |
| 15 |           As to the transcript, copies can be provided to |
| 16 | counsel for the parties and the Court, but to no one else, |
| 17 | except on a Court order on notice to the parties.  And since |
| 18 | the entire docket is sealed, at this point we don't have to |
| 19 | worry about the technicalities of the way the transcript would |
| 20 | be reflected on the docket.  We will deal with that when we get |
| 21 | to the next stage.  So this transcript will be sealed. |
| 22 |           We are here for a first appearance and anticipated |
| 23 | waiver of indictment, arraignment, and plea proceeding.  Is |
| 24 | that consistent with everybody's understanding? |
| 25 |           MR. PODOLSKY:  Yes, your Honor. |

M4l2becP kjc

| 1 | MR. BROWN:  Yes, your Honor. |

1        MR. BROWN:  Yes, your Honor.

2        THE COURT:  Thank you.

3        So before we proceed further, I must share some

4    important information with you all.  Federal Rule of Criminal

5    Procedure 5(f) requires the Court to remind the parties orally

6    and in writing of the prosecution's obligations under the

7    Supreme Court's 1963 *Brady v. Maryland* decision and the cases

8    that have built upon that decision and of the possible

9    consequences of violating those obligations.

10        I hereby direct government to comply with its

11    obligations, under *Brady v. Maryland* and its progeny, to

12    disclose to the defense all information, whether admissible or

13    not, that is favorable to the defendant, material either to

14    guilt or to punishment, and known to the government.

15        Possible consequences for noncompliance may include

16    dismissal of individual charges or the entire case, exclusion

17    of evidence, and professional discipline or court sanctions on

18    the attorneys responsible.

19        I will enter a written order more fully describing

20    this obligation and the possible consequences of failing to

21    meet it, and I direct the government to review and comply with

22    that order.

23        Mr. Podolsky, do you understand these obligations and

24    confirm that you and your colleagues have fulfilled or will

25    fulfill them.

M4l2becP kjc

1          MR. PODOLSKY:  Yes, your Honor, I acknowledge the

2     obligations that you have outlined and we understand them and

3     will comply with them.

4          THE COURT:  Thank you.

5          As this is Mr. Becker's first appearance, I will begin

6     by advising Mr. Becker as to certain rights, and the

7     arraignment on the information and the waiver will be addressed

8     as part of the plea allocution colloquy if Mr. Becker wishes to

9     continue with the proposed disposition proceeding after being

10    advised of his rights.

11         Mr. Becker, would you please stand.

12         Please state your full name.

13         THE DEFENDANT:  Scott Vincent Becker.

14         THE COURT:  And how old are you?

15         THE DEFENDANT:  I am 38.

16         THE COURT:  I will now explain certain rights that you

17    have under the Constitution of the United States.

18         You have the right to remain silent.  You need not

19    make any statement.  Even if you have already made statements

20    to the authorities, you need not make any additional

21    statements.  Any statements that you do make can be used

22    against you.

23         Do you understand these rights?

24         THE DEFENDANT:  Yes, I do.

25         THE COURT:  You have the right to be released, either

M4l2becP kjc

1    conditionally or unconditionally, pending trial unless I find

2    that there are no conditions that would reasonably assure your

3    presence at future court hearings and the safety of the

4    community.

5           If the government were to ask me to detain you pending

6    trial, you are entitled to a prompt hearing on whether such

7    conditions exist.

8           Do you understand that?

9           THE DEFENDANT:  Yes, I do.

10          THE COURT:  Are you a citizen of the United States?

11          THE DEFENDANT:  Yes.

12          THE COURT:  You have the right to be represented by an

13   attorney today and at all future proceedings in this case, and

14   if you are unable to afford an attorney, I will appoint an

15   attorney to represent you.

16          Do you understand these rights?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  Do you wish to have and are you able to

19   afford and obtain counsel on your own?

20          THE DEFENDANT:  I -- yes.

21          THE COURT:  Have you retained Mr. Brown and his firm

22   to represent you in this case?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you understand that you are responsible

25   for paying the fees and expenses associated with Mr. Brown's

M4l2becP kjc

1    defense of you in this case?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And do you wish the Court to appoint you

4    counsel instead?

5              THE DEFENDANT:  No, thank you.

6              THE COURT:  Thank you.  You can be seated, Mr. Becker.

7              I'm informed that Mr. Becker has an application to

8    waive indictment and enter a plea of guilty to a three-count

9    sealed information that is captioned United States v. Scott

10   Becker.  Is that correct, Mr. Brown?

11             MR. BROWN:  Yes, it is, your Honor.

12             THE COURT:  And is the plea pursuant to an agreement

13   with a printed date of April 15, 2022 and an execution date of

14   April 21, 2022 that has been marked as Government Exhibit 1?

15             MR. BROWN:  Yes, your Honor.

16             THE COURT:  And Mr. Brown, do you have that at defense

17   table?

18             MR. BROWN:  I do.

19             THE COURT:  Do you also have at defense table an

20   executed advice of rights form that has been marked as Court

21   Exhibit 1?

22             MR. BROWN:  Yes, we do, your Honor.

23             THE COURT:  Thank you.  So if you will just hold those

24   at defense table, I will have questions about them later for

25   Mr. Becker.

M4l2becP kjc

1          So Mr. Podolsky, would you please make a statement

2     regarding the government's victim identification and

3     notification activities, if any, in connection with this

4     proceeding.

5          MR. PODOLSKY:  Yes, your Honor.  We have taken

6     reasonable efforts to notify victims.  In light of the

7     particularities of this proceeding and ongoing law enforcement

8     efforts, certain of those notifications will take place after

9     this proceeding, but we have considered our obligations in that

10    respect and complied with them.

11         THE COURT:  Thank you.

12         Mr. Becker, before I accept your waiver of indictment

13    and your guilty plea, there are a number of questions that I

14    must ask while you are under oath to assure that your waiver

15    and plea are valid.  I may at times cover a point more than

16    once and I may cover matters that were also addressed in the

17    advice of rights form that you have seen.  If I do, that will

18    be because it is very important that you understand what is

19    happening here today.  If you don't understand something that I

20    ask you, please say so, and I will reword the question or you

21    may speak with your attorney.

22         Do you understand that?

23         THE DEFENDANT:  Yes, I do.

24         THE COURT:  Please stand now to take the oath.

25         (Defendant sworn)

M4l2becP kjc

| | |
|---|---|
| 1 | THE COURT:  Would you please state your full name |
| 2 | again for the record. |
| 3 | THE DEFENDANT:  Scott Vincent Becker. |
| 4 | THE COURT:  Mr. Becker, do you understand that you |
| 5 | have solemnly promised to tell the truth and that if you answer |
| 6 | any of my questions falsely, your false or untrue answers may |
| 7 | later be used against you in another prosecution for perjury or |
| 8 | making a false statement? |
| 9 | THE DEFENDANT:  Yes, I do. |
| 10 | THE COURT:  Thank you.  You can be seated. |
| 11 | Mr. Brown, would you mind just pulling your mask up so |
| 12 | that it covers your nose.  Thanks so much. |
| 13 | So Mr. Becker, again, how old are you? |
| 14 | THE DEFENDANT:  38. |
| 15 | THE COURT:  And how far did you go in school? |
| 16 | THE DEFENDANT:  I completed my bachelor's degree. |
| 17 | THE COURT:  In what field? |
| 18 | THE DEFENDANT:  In the -- a double major in accounting |
| 19 | and finance. |
| 20 | THE COURT:  Are you able to read, speak, and |
| 21 | understand the English language well? |
| 22 | THE DEFENDANT:  Yes. |
| 23 | THE COURT:  Are you an American citizen? |
| 24 | THE DEFENDANT:  Yes. |
| 25 | THE COURT:  And how did you become a citizen of the |

M4l2becP kjc

1      United States?

2              THE DEFENDANT:  I was born here.

3              THE COURT:  Are you now or have you recently been

4      under the care of a doctor or a psychiatrist?

5              THE DEFENDANT:  No, ma'am.

6              THE COURT:  Have you ever been treated or hospitalized

7      for any mental illness or for any type of addiction, including

8      drug or alcohol addiction?

9              THE DEFENDANT:  No.

10             THE COURT:  Have you ever been addicted to any drugs

11     or alcohol.

12             THE DEFENDANT:  No.

13             THE COURT:  In the past 24 hours, have you taken any

14     drugs, medicine, or pills, or had any alcohol to drink?

15             THE DEFENDANT:  No.

16             THE COURT:  Is your mind clear today?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Are you feeling well physically today?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Are you comfortable making important

21     decisions for yourself today?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Are you represented by a lawyer here

24     today?

25             THE DEFENDANT:  Yes, I am.

M4l2becP kjc

1            THE COURT:  And what is your lawyer's name.

2            THE DEFENDANT:  Jason Brown and Phoebe King.

3            THE COURT:  Thank you.

4            Mr. Brown, do you have any doubt as to Mr. Becker's

5     competence to waive indictment and plead guilty at this time?

6            MR. BROWN:  No, I do not.

7            THE COURT:  Ms. King, do you have any such doubts?

8            MS. KING:  I do not.

9            THE COURT:  Thank you.

10           Mr. Podolsky, do you have any doubt as to Mr. Brown's

11    competence to waive indictment and plead guilty.

12           MR. PODOLSKY:  No, I have no doubt, your Honor.

13           THE COURT:  Thank you.

14           Mr. Becker, your attorney has informed me that you

15    wish to waive indictment and plead guilty to a three-count

16    information.  Do you wish to waive indictment and plead guilty?

17           THE DEFENDANT:  Yes, I do.

18           THE COURT:  Have you discussed your case fully with

19    your attorneys, including the charges to which you intend to

20    plead guilty and any defenses that you may have to those

21    charges?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Have you and your attorneys discussed the

24    consequences of pleading guilty?

25           THE DEFENDANT:  Yes.

M4l2becP kjc

1          THE COURT:  Are you satisfied with your attorneys and

2     their representation of you?

3          THE DEFENDANT:  Yes.

4          THE COURT:  On the basis of Mr. Becker's responses to

5     my questions and my observations of his demeanor, I find that

6     he is fully competent to waive indictment and enter an informed

7     plea at this time.

8          Before I accept your waiver and plea, sir, I'm going

9     to ask you some more questions.  These questions are intended

10    to satisfy the court that you want to plead guilty because you

11    are in fact guilty and that you fully understand your rights

12    and the consequences of your plea.  I will now describe to you

13    certain rights that you have under the Constitution and laws of

14    the United States.  You will be giving up these rights if you

15    plead guilty.

16         Please listen carefully.  If you don't understand

17    something that I am saying or describing, stop me and I or your

18    attorney will explain it more fully.

19         Under the Constitution and laws of the United States,

20    you have the right to a speedy and public trial by a jury on

21    the charges against you that are in the information.

22         Do you understand that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand that you have the right

25    to plead not guilty and to continue to plead not guilty to each

M4l2becP kjc

1    of the charges?

2              THE DEFENDANT:  Yes.

3              THE COURT:  If there were a trial, you would be

4    presumed innocent and the government would be required to prove

5    you guilty by competent evidence and beyond a reasonable doubt.

6    You would not have to prove that you were innocent at a trial.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  If there were a trial, a jury composed of

10   12 people selected from this district would have to agree

11   unanimously in order to find you guilty.

12             Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  If there were a trial, and at all stages

15   leading up to it, you would have the right to be represented by

16   an attorney, and if you could not afford one, an attorney would

17   be provided to you free of cost.

18             Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  If there were a trial, you would have the

21   right to see and hear all of the witnesses against you and your

22   attorney could cross-examine them.  Also, you would have the

23   right to have your attorney object to the government's evidence

24   and offer evidence on your behalf if you so desired.  In

25   addition, you would have the right to have witnesses required

M4l2becP kjc

1    to come to court to testify in your defense and you would have

2    the right to testify yourself, but you would not be required to

3    testify.

4              Do you understand all of that?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  Do you understand that if there were a

7    trial and you decided not to testify, no adverse inference

8    could be drawn against you based on your decision not to

9    testify?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you understand that if you were

12   convicted at a trial, you would have the right to appeal that

13   verdict?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Do you understand each and every one of

16   the rights that I have asked you about?

17             THE DEFENDANT:  Yes, I do.  Thank you.

18             THE COURT:  Do you have any questions about any of

19   these rights?

20             THE DEFENDANT:  I do not.

21             THE COURT:  Do you understand that by pleading guilty

22   today, you will be giving up each and every one of these

23   rights?

24             THE DEFENDANT:  Yes, I do.

25             THE COURT:  Do you also understand that you will be

M4l2becP kjc

|  | giving up any possible claim that your constitutional rights |
| 1 |  |
| 2 | may have been violated? |

1    giving up any possible claim that your constitutional rights

2    may have been violated?

3            THE DEFENDANT:  Yes.

4            THE COURT:  And do you understand that if you plead

5    guilty today, you will not have a trial?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Do you understand that by pleading guilty,

8    you will also have to give up your right not to incriminate

9    yourself because I will ask you questions about what you did in

10   order to satisfy myself that you are guilty as charged and you

11   will have to admit and acknowledge your guilt?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Do you understand that you can change your

14   mind right now and refuse to plead guilty?  You don't have to

15   enter this plea if you don't want to for any reason.

16           Do you understand that fully?

17           THE DEFENDANT:  Yes.  Thank you.

18           THE COURT:  Do you still want to plead guilty?

19           THE DEFENDANT:  Yes, I do.

20           THE COURT:  The document that contains the charges to

21   which you have indicated you wish to plead guilty is called an

22   information.  It has been issued by the United States Attorney.

23   You have a constitutional right to be charged by an indictment

24   rather than an information.  An indictment would be a charge

25   issued from a grand jury.

M4l2becP kjc

1              Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Mr. Brown, would you please show

4    Mr. Becker the waiver of indictment form.

5              MR. BROWN:  Yes, your Honor.

6              THE COURT:  Mr. Becker, have you signed this waiver of

7    indictment.

8              THE DEFENDANT:  Yes.

9              THE COURT:  Did you read it before you signed it?

10             THE DEFENDANT:  Yes, I did.

11             THE COURT:  Did you discuss it with your attorneys

12   before you signed it.

13             THE DEFENDANT:  Yes, I did.

14             THE COURT:  Did you understand it before you signed

15   it?

16             THE DEFENDANT:  Yes.

17             THE COURT:  And do you understand that if you do not

18   waive indictment, if the government wants to prosecute you on

19   the particular charges that are in the information, it would

20   have to present those charges to a grand jury which might or

21   might not indict you on them?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand that you are under no

24   obligation to waive indictment?

25             THE DEFENDANT:  Yes.

M4l2becP kjc

1          THE COURT:  And do you understand that by waiving

2    indictment you are giving up your right to have these charges

3    presented to a grand jury?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you understand what a grand jury is?

6          THE DEFENDANT:  I do.

7          THE COURT:  Has anyone given you anything or

8    threatened you or made any promises to you to get you to waive

9    indictment?

10          THE DEFENDANT:  No.

11          THE COURT:  Have you seen a copy of the information,

12    that is, the document that says United States v. Scott Becker

13    at the top and sealed information that details the charges

14    against you?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Have you read it?

17          THE DEFENDANT:  Yes, I have.

18          THE COURT:  Have you discussed it with your attorney?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand the charges against you

21    that are detailed in the information?

22          THE DEFENDANT:  I do.

23          THE COURT:  If you want me to, I will read the

24    information out loud now here in court in full.  Would you like

25    me to read it out loud to you in full?

M4l2becP kjc

1           THE DEFENDANT:  No, thank you.

2           THE COURT:  I find that Mr. Becker's waiver of

3    indictment is knowing and voluntary.  I accept it and it is so

4    ordered.

5           So Mr. Becker, I am going to ask you some summary

6    questions regarding the charges.

7           Do you understand that Count One of the information

8    charges you with violating Title 18 of the United States Code

9    Section 1962(d) by willfully and knowingly being part of a

10   conspiracy, from at least in or about 2020 up to and including

11   in or about March 2021, to violate the racketeering laws of the

12   United States by conducting and participating, directly and

13   indirectly, in the conduct of the affairs of what the

14   information defines as the Archegos enterprise through a

15   pattern of activity consisting of multiple offenses involving

16   fraud in the sale of securities in violation of Title 15 of the

17   United States Code Sections 78j(b) and 78ff and Title 17 of the

18   Code of Federal Regulations Section 240.10b-5, as well as

19   offenses involving fraud in the sale of securities in violation

20   of Title 18 of the United States Code, Section 1348 and acts

21   indictable under Title 18, Section 1343 relating to wire fraud;

22   and that Count One further charges that it was part of the

23   conspiracy that you agreed that a conspirator would commit at

24   least two acts of racketeering activity in the conduct of the

25   affairs of the Archegos enterprise.

M4l2becP kjc

1          THE DEFENDANT:  Yes.

2          THE COURT:  And have I pronounced "arch egos"

3    correctly?

4          THE DEFENDANT:  No, ma'am.  It's "are kay goes."

5          THE COURT:  Oh, okay.  There were a number of

6    possibilities, so thank you.  Archegos.

7          Do you understand you are charged in Count Two with

8    violating Title 17 C.F.R. 240.10b-5, Title 15 of the United

9    States Code Sections 78j(b) and 78ff and Title 18, Section 2 of

10   the United States Code by engaging in and aiding and abetting a

11   scheme to defraud Archegos's counterparties through false and

12   misleading statements regarding aspects of Archegos's business

13   portfolio and assets from at least in or about 2020 up to and

14   including at least in or about March 2021.

15         THE DEFENDANT:  Yes.

16         THE COURT:  And do you understand that Count Three

17   charges you with violating Title 18, Sections 1343 and 2 by

18   engaging in and aiding and abetting a scheme to defraud

19   Archegos's counterparties of their rights to control their

20   assets and thereby exposing Archegos's counterparties to risk

21   of economic harm by false and misleading statements regarding

22   aspects of Archegos's business portfolio and assets, including

23   statements conveyed through interstate wires from in or about

24   2020 up to and including in or about March 2021?

25         THE DEFENDANT:  Yes.

M4l2becP kjc

1           THE COURT:  Do you understand that the government

2     would have to prove each and every part or element of each of

3     these charges beyond a reasonable doubt at a trial if you did

4     not plead guilty?

5           THE DEFENDANT:  Yes, I do.

6           THE COURT:  Mr. Podolsky, would you please explain

7     what the government would have to prove if we were to go to

8     trial on the three counts in this information.

9           MR. PODOLSKY:  Yes, your Honor.  As to Count One, the

10    government would have to prove beyond a reasonable doubt:

11          First, that the enterprise alleged in the indictment

12    existed;

13          Second, that the enterprise affected interstate or

14    foreign commerce;

15          Third, that the defendant was associated with or

16    employed by the enterprise; and

17          Fourth, that the defendant knowingly and willfully

18    conspired with at least one other person to participate in the

19    conduct of the affairs of the enterprise through a pattern of

20    racketeering activity.  I note that the racketeering activities

21    are alleged in the information at paragraph 2 which the Court

22    has previously recited.

23          As to Count Two, securities fraud, the government

24    would have to prove beyond a reasonable doubt:

25          First, that in connection with the purchase or sale of

M4l2becP kjc

a security, the defendant did any one or more of the following:
(1) employed a device, scheme, or artifice to defraud; or (2)
made an untrue statement of a material fact or omitted to state
a material fact which made what was said under the
circumstances misleading; or (3) engaged in an act, practice,
or course of business that operated or would operate as a fraud
or deceit upon a purchaser or seller;

Second, that the defendant acted willfully, knowingly,
and with the intent to defraud; and

Third, that the defendant knowingly used or caused to
be used any means or instruments of transportation or
communication in interstate commerce or the use of the mails in
furtherance of the fraudulent conduct.

As to Count Three, wire fraud, the government would
have to prove beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud
or to obtain money or property by materially false and
fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully
participated in a scheme or artifice to defraud with knowledge
of its fraudulent nature and with specific intent to defraud;
and

Third, that in the execution of the scheme, the
defendant used or caused to be used interstate or foreign
wires, such as telephone calls, e-mails, or the transmission of

M4l2becP kjc

1    money through the use of wire transfers.

2            Finally, the government would have to prove venue in

3    the Southern District of New York by a preponderance of the

4    evidence as to each count.

5            THE COURT:  Thank you, Mr. Podolsky.

6            Mr. Becker, do you understand what the government

7    would have to prove if you did not plead guilty?

8            THE DEFENDANT:  Yes, I do.

9            THE COURT:  Do you understand that the maximum

10   possible penalty for the crime charged in Count One is 20 years

11   of imprisonment, plus a fine of the greatest of $250,000, twice

12   the gain resulting from the offense, or twice the loss to other

13   people resulting from the offense, plus a $100 special

14   assessment, plus three years of supervised release after your

15   term of imprisonment, plus full restitution to all people

16   injured by your criminal conduct?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand that the maximum

19   possible penalty for the crime charged in Count Two is 20 years

20   of imprisonment, plus a fine of the greatest of $5 million,

21   twice the gain resulting from the offense, or twice the loss to

22   other people resulting from the offense, plus a $100 special

23   assessment, plus three years of supervised release after your

24   term of imprisonment, plus full restitution to all persons

25   injured by your criminal conduct?

M4l2becP kjc

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you understand that the maximum

3     possible penalty for the crime charged in Count Three is 20

4     years of imprisonment, plus a fine of the greatest of $250,000,

5     twice the gain resulting from the offense, or twice the loss to

6     other people resulting from the offense, plus a $100 special

7     assessment, plus three years of supervised release after your

8     term of imprisonment, plus full restitution to all persons

9     injured by your criminal conduct?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you understand that the maximum

12    possible combined penalty for the three crimes to which you

13    propose to plead guilty is 60 years of imprisonment, plus a

14    fine of $5,500,000 or, if greater, the sums of the relevant

15    gains, losses, and statutory amounts resulting from your

16    offenses, plus full restitution to all persons injured by your

17    criminal conduct, plus a total of $300 as a mandatory special

18    assessment, plus supervised release for three years after your

19    term of imprisonment?

20             THE DEFENDANT:  Yes.

21             THE COURT:  I will now give you some information and

22    verify your understanding of the supervised release aspect of

23    the potential penalty.

24             Supervised release means that you will be subject to

25    monitoring when you are released from prison.  Terms and

M4l2becP kjc

```
1    conditions will be imposed.  If you violate any of the set
2    terms and conditions, you can be sent back to prison without a
3    jury trial.  If you are on supervised release and do not comply
4    with any of the set terms or conditions, you can be sent back
5    to prison for up to two years.  You will be given no credit for
6    the time that you served in prison as a result of your sentence
7    and no credit for any time spent on post-release supervision.
8    So, for example, if you received a prison term and then a
9    three-year term of supervised release and after you left prison
10   you lived up to the terms of supervised release for almost
11   three years but then you violated some term of the supervised
12   release, you could be sent to prison for two whole years.
13            Do you understand that?
14            THE DEFENDANT:  Yes, I do.
15            THE COURT:  Do you also understand that if I accept
16   your guilty plea and adjudge you guilty, that adjudication may
17   deprive you of valuable civil rights, such as, the right to
18   vote, the right to hold public office, the right to serve on a
19   jury, and the right to possess any kind of firearm?
20            THE DEFENDANT:  Yes, I do.
21            THE COURT:  Do you understand that there are
22   sentencing guidelines that the Court must consider in
23   determining your sentence?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Have you spoken to your attorney about the
```

M4l2becP kjc

1    sentencing guidelines?

2              THE DEFENDANT:  Yes, I have.

3              THE COURT:  Do you understand that, in determining

4    your sentence, the Court must calculate the applicable

5    sentencing guidelines range and consider that range, possible

6    departures under the sentencing guidelines, and other

7    sentencing factors under Title 18 Section 3553(a)?

8              THE DEFENDANT:  Yes, I do.

9              THE COURT:  Do you understand that if your attorney or

10   anyone else has attempted to estimate or predict what your

11   sentence will be, their estimate or prediction could be wrong?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  Do you also fully understand that even if

14   your sentence is different from what your attorney or anyone

15   else told you it might be, or if it is different from what you

16   expect, you will still be bound to your guilty plea and you

17   will not be allowed to withdraw your guilty plea?

18             THE DEFENDANT:  Yes, I do.

19             THE COURT:  Do you understand that the sentence to be

20   imposed will be determined solely by the Court and that I can

21   only determine the sentence to be imposed after the probation

22   office prepares a presentence report?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that the Court has

25   discretion, while taking into account the specific provisions

M4l2becP kjc

1   and policy statements in the guidelines, to sentence you to any

2   period of imprisonment between time served at the low end and

3   the 60-year combined statutory maximums at the high end?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Are you now serving any state or federal

6   sentence or are you being prosecuted for any other crime?

7          THE DEFENDANT:  No.

8          THE COURT:  Do you understand that, in connection with

9   Count One, the information also includes a forfeiture

10  allegation in which the government asserts that you are

11  required to forfeit to the United States any interest acquired

12  or maintained in violation of Title 18, Section 1963, any

13  interest in security of, claim against, or property or

14  contractual right of any kind affording a source of influence

15  over any enterprise you and your coconspirators established,

16  operated, controlled, conducted, or participated in the conduct

17  of in violation of Title 18, Section 1962, and any property

18  constituting or derived from any proceeds obtained, directly or

19  indirectly, from the racketeering activity charged in Count

20  One?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you also understand that, in connection

23  with Counts Two and Three, the information includes an

24  additional forfeiture allegation in which the government

25  asserts that you are required to forfeit to the United States

M4l2becP kjc

```
1    any and all property, real and personal, that constitutes or is

2    derived from proceeds traceable to the commission of the

3    offenses charged in those counts, including, but not limited

4    to, a sum of money in United States currency representing the

5    amount of proceeds traceable to the commission of those

6    offenses?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Would you please look at your agreement,

9    which is marked as Government Exhibit 1.  Thank you, Mr. Brown.

10             MR. BROWN:  Apologize for the noise.

11             THE COURT:  Mr. Becker, have you signed this

12   agreement?

13             THE DEFENDANT:  Yes, I have.

14             THE COURT:  Did you read it before you signed it?

15             THE DEFENDANT:  Yes, I did.

16             THE COURT:  Did you discuss it with your attorneys

17   before you signed it?

18             THE DEFENDANT:  Yes, at length.

19             THE COURT:  And did you fully understand the agreement

20   before you signed it?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Does the agreement reflect accurately your

23   complete and total understanding of the entire agreement

24   between the government, your attorney, and you?

25             THE DEFENDANT:  Yes.
```

M4l2becP kjc

1          THE COURT:  Is everything that you understand about

2     your plea, cooperation, and sentence covered in the agreement?

3          THE DEFENDANT:  Yes, it is.

4          THE COURT:  Has anything been left out?

5          THE DEFENDANT:  No.

6          THE COURT:  Has anyone made any promises to you other

7     than what is set forth in that agreement or threatened you or

8     forced you or given you anything to get you to plead guilty or

9     enter into the agreement?

10          THE DEFENDANT:  No.

11          THE COURT:  Do you understand that even if the

12     government does not oppose or take a position on what your

13     attorney will ask as a sentence, I am free to impose whatever

14     sentence I believe is appropriate under the circumstances and

15     the applicable law and you will have no right to withdraw your

16     plea?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  Do you understand that a motion by the

19     government would be required to enable me to sentence you below

20     the mandatory -- actually, I'm sorry, to enable me to sentence

21     you on the basis of your assistance and that it is up to the

22     government, not up to me, to decide whether your cooperation

23     has been substantial enough for the government to move for such

24     a sentence and that it is up to me to decide the appropriate

25     sentence?

M4l2becP kjc

1        THE DEFENDANT:  Yes, I do.

2        THE COURT:  Do you understand that the agreement

3    provides that you must cooperate fully with the office of the

4    United States Attorney, the Federal Bureau of Investigation,

5    and any other law enforcement agency designated by the United

6    States Attorney?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Do you understand that the agreement does

9    not bind any federal, state, or local prosecuting authority

10   other than the United States Attorney?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Do you understand that the agreement

13   provides that if the United States Attorney determines that you

14   have provided substantial assistance in an investigation or

15   prosecution and if you have fully complied with the

16   understandings specified in the agreement, the United States

17   Attorney will file a motion pursuant to Section 5K1.1 of the

18   sentencing guidelines requesting that the Court sentence you in

19   light of the factors set forth in section 5K1.1(a)(1) through

20   (5)?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Do you understand that the factors that

23   the Court may consider under Section 5K1.1 include the

24   significance and usefulness of your assistance, taking the

25   government's evaluation into account; the truthfulness,

M4l2becP kjc

1    completeness, and reliability of any information or testimony

2    that you provided; the nature and extent of your assistance;

3    any injury suffered or any danger of risk of injury to you or

4    your family as a result of your assistance; and the timeliness

5    of your assistance?

6               THE DEFENDANT:  Yes.

7               THE COURT:  Do you understand that even if the United

8    States Attorney files such a motion, the sentence to be imposed

9    on you remains within the sole discretion of the Court?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Do you understand that you will not be

12    entitled to withdraw your plea even if the Court denies the

13    motion?

14              THE DEFENDANT:  Yes.

15              THE COURT:  Do you understand that if the United

16    States Attorney determines that you have not provided

17    substantial assistance in an investigation or prosecution or

18    that you have violated any provision of the agreement, the

19    United States Attorney is not obligated to file a motion under

20    Section 5K1.1 of the guidelines?

21              THE DEFENDANT:  Yes.

22              THE COURT:  Do you understand that you will not be

23    entitled to withdraw your guilty plea even if the United States

24    Attorney does not file a motion?

25              THE DEFENDANT:  Yes.

M4l2becP kjc

1            THE COURT:  Do you understand that on page 2 the

2       agreement provides that if you commit any further crimes or it

3       is determined that you gave false, incomplete, or misleading

4       testimony or information or otherwise violated any provision of

5       the agreement, you shall be subject to prosecution for any

6       federal violations of which the United States Attorney has

7       knowledge, including perjury or obstruction of justice?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Do you understand that on page 4 the

10      agreement provides that if you commit any further crimes or it

11      is determined that you gave false, incomplete, or misleading

12      testimony or information, or otherwise violated any provision

13      of the agreement, all statements that you have made to the

14      United States Attorney or other designated law enforcement

15      agents and any testimony that you have given before a grand

16      jury or any other tribunal may be admissible in evidence in any

17      criminal proceedings against you?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Do you understand that your agreement also

20      provides that you may not assert a claim that such statements

21      should be suppressed from evidence and that you have waived

22      your right to claim that such statements should be suppressed

23      from evidence?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Do you understand that, again, on page 2,

M4l2becP kjc

1    the agreement includes your agreement with respect to Count One

2    of the information to forfeit to the United States any interest

3    acquired or maintained as a result of the racketeering activity

4    charged in Count One, any interest in, security of, claim

5    against, or property or contractual right of any kind affording

6    a source of influence over any enterprise which you have

7    established, controlled, conducted, or participated in the

8    conduct of in violation of Title 18 of the United States Code

9    Section 1962 as charged in Count One and any property

10   constituting or derived from any proceeds obtained, directly or

11   indirectly, from the racketeering activity charged in

12   Count One?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that, on page 2, the

15   agreement also includes your agreement with respect to Counts

16   Two and Three of the information to forfeit to the United

17   States any and all property, real or personal, that constitutes

18   or is derived from the commission of the offenses alleged in

19   Counts Two and Three?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand that any amount that you

22   do forfeit will not be credited toward any fines, restitution,

23   cost of imprisonment, or other additional penalty that the

24   Court may impose on you?

25          THE DEFENDANT:  Yes.

M4l2becP kjc

1          THE COURT:  Do you understand that on page 4 the

2    agreement provides that the government will not object to your

3    release upon the bail conditions to be set, but that the

4    government reserves its right to move for revocation or

5    modification of those conditions without notice to you if the

6    government determines that you have violated any provision of

7    your agreement or any release condition?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And do you understand that the government

10    can also move for revocation or modification if it determines

11    that revocation or modification is otherwise appropriate?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you still want to plead guilty pursuant

14    to this agreement?

15          THE DEFENDANT:  Yes, I do.

16          THE COURT:  Mr. Brown, do you know of any valid reason

17    why Mr. Becker would prevail at trial?

18          MR. BROWN:  No, your Honor.

19          THE COURT:  Do you know any reason why he should not

20    be permitted to plead guilty?

21          MR. BROWN:  No, your Honor.

22          THE COURT:  Mr. Becker, would you and your attorneys

23    please stand and tell me what you did that makes you guilty of

24    the crimes to which you are entering a plea of guilty.

25          THE DEFENDANT:  From approximately 2007 until the

M4l2becP kjc

spring of 2021, I was a member of the operations team at

Archegos Capital Management, a multi-billion dollar family

office whose headquarters was in Manhattan.  In order to invest

on a scale necessary to implement the trading strategy of the

family office's founder and principal, Archegos needed

financial institutions both as prime brokers for publicly

traded securities and U.S. and foreign exchanges and as swap

counterparties for Archegos's main fund, Archegos Fund, LP.  I

understood that these financial institutions would not open

relationships with Archegos, extend Archegos trading capacity,

or offer Archegos favorable margin rates without certain

representations to them about the overall holdings within the

Archegos portfolio.

          In order to induce these institutions to, among other

things, extend Archegos the credit necessary to purchase

equities or engage in swap transactions, on several occasions,

in coordination with others at Archegos, I made false or

misleading statements to the financial institutions about

Archegos's portfolio.  For example, in 2021, I falsely

represented to certain financial institutions that Archegos's

largest position was approximately 35 percent of its net asset

value when, in fact, I knew the largest position had grown to

significantly higher -- to a significantly higher percentage

than that.  At around the same time, I also falsely represented

to one of its counterparties that Archegos's portfolio with

M4l2becP kjc

1    that specific counterparty was materially different than

2    Archegos's portfolio overall.

3            I knew these statements to be untrue.  I made these

4    and other similar misstatements to induce the financial

5    institutions to continue extending Archegos trading capacity as

6    well as to dissuade these financial institutions from

7    liquidating positions held in Archegos's account or to take

8    other action that might hurt Archegos's overall portfolio.

9    Certain of these telephone calls took place from my home in

10   Orange County, New York.  I understand that these false or

11   misleading statements were made to further Archegos's trading

12   strategies.

13           THE COURT:  And when you did these things, did you

14   know that what you were doing was wrong and illegal?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Mr. Podolsky -- actually, before I ask you

17   that, I notice, Mr. Becker, that you were reading from some

18   notes or at least referring to them as you were making your

19   allocution.  How did those notes come to be prepared?

20           THE DEFENDANT:  In consultation with my legal counsel.

21           THE COURT:  And is all of the information that you

22   gave me truthful regarding your own activities and knowledge?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Thank you.

25           Mr. Podolsky, are there any further factual matters

M4l2becP kjc

```
 1    that the government believes should be addressed in the

 2    allocution?

 3             MR. PODOLSKY:  No, your Honor.  I believe that

 4    provides a sufficient factual basis for each of the elements of

 5    the charged offenses.

 6             THE COURT:  Thank you.  Would you remain standing,

 7    please, and summarize the government's evidence against

 8    Mr. Becker.

 9             MR. PODOLSKY:  Yes, your Honor.

10             If we were to proceed to trial in this case, evidence

11    by the government would include, among other things, testimony

12    by law enforcement officials and witnesses, including witnesses

13    of the victim financial institutions, extensive e-mail,

14    Bloomberg message, and text message records, notes and

15    recordings of phone calls, and corporate bank and other

16    financial and trading records.

17             THE COURT:  And it is the government's belief and

18    representation that that evidence would be sufficient to prove

19    guilt beyond a reasonable doubt?

20             MR. PODOLSKY:  It would, your Honor.

21             THE COURT:  Mr. Becker, how do you now plead to the

22    charge in Count One of the information?  Guilty or not guilty.

23             THE DEFENDANT:  Guilty.

24             THE COURT:  How do you plead to the charge in Count

25    Two?  Guilty or not guilty.
```

M4l2becP kjc

```
 1              THE DEFENDANT:  Guilty.

 2              THE COURT:  How do you plead to the charge in Count

 3    Three?  Guilty or not guilty.

 4              THE DEFENDANT:  Guilty.

 5              THE COURT:  Are you pleading guilty to each of these

 6    charges because you are in fact guilty of the criminal activity

 7    charged in each count?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  Are you pleading guilty voluntarily and of

10    your own free will?

11              THE DEFENDANT:  Yes.

12              THE COURT:  Would you please look at Court Exhibit 1,

13    which is the advice of rights form.  Mr. Becker, have you

14    signed this form?

15              THE DEFENDANT:  Yes, I have.

16              THE COURT:  Did you read it before you signed it?

17              THE DEFENDANT:  Yes, I did.

18              THE COURT:  Did you discuss it with your attorneys

19    before you signed it?

20              THE DEFENDANT:  Yes.

21              THE COURT:  And did you understand it before you

22    signed it?

23              THE DEFENDANT:  Yes, I did.

24              THE COURT:  Mr. Brown, did you also review and sign

25    Court Exhibit 1?
```

M4l2becP kjc

1          MR. BROWN:  Yes, I did, your Honor.

2          THE COURT:  Mr. Brown, are there any other questions

3    you believe I should ask Mr. Becker in connection with the

4    plea?

5          MR. BROWN:  No, your Honor.

6          THE COURT:  Mr. Podolsky, are there any other

7    questions you believe I should ask in connection with the plea?

8          MR. PODOLSKY:  No, your Honor.

9          THE COURT:  Mr. Becker, you have acknowledged that you

10   are guilty as charged in the information.  I find that you know

11   your rights and that you are waiving them voluntarily.  Because

12   your plea is entered knowingly and voluntarily and is supported

13   by an independent basis in fact containing each of the

14   essential elements of the offenses, I accept your guilty plea

15   and I adjudge you guilty of the offenses charged in Counts One,

16   Two, and Three of the information captioned United States of

17   America v. Scott Becker.

18          Thank you.  You can be seated.

19          Mr. Brown, do you wish to be present for any interview

20   of Mr. Becker in connection with the preparation of the

21   presentence report?

22          MR. BROWN:  Yes, I do, your Honor.

23          THE COURT:  I will make that direction which will be

24   conveyed to probation when we order the report.

25          What is the parties' desire with respect to a

M4l2becP kjc

1    sentencing date or a control date and with respect to the

2    preparation of a report?

3            MR. PODOLSKY:  Your Honor, given the current status of

4    investigations in which Mr. Becker is actively cooperating, we

5    would propose to hold off on the ordering of a report and to

6    set a control date rather than a sentencing date so that

7    Mr. Becker can continue his cooperation.  We would propose a

8    control date of either three or six months, as the Court

9    prefers.

10           THE COURT:  Well, I am willing to make it six months

11   out if it is your representation that that is a period of time

12   that may well be necessary to get to a point where ordering a

13   presentence report would be appropriate.

14           MR. PODOLSKY:  I think it is, your Honor.  And

15   certainly, if it becomes appropriate sooner, we won't hesitate

16   to contact the Court in advance of the six months and suggest

17   the ordering of a presentence report.

18           THE COURT:  Thank you.

19           So, Ms. Ng, may we have a control date about six

20   months out from now.

21           THE DEPUTY CLERK:  Friday, October 21, 2022, at 12

22   noon.

23           THE COURT:  The control date is October 21, 2022, at

24   12 noon, and the government is to inform the Court at such time

25   as it is appropriate to commence the preparation of a

M4l2becP kjc

presentence report.

I also note that the sealing order that I signed
earlier requires the government to make a report in three
months as to the need for continuation, if any, of the sealing.

Counsel, when it does come time to prepare the
presentence report, please make sure to give your comments and
any objections to the probation office promptly after
disclosure of the initial draft report and please make your
sentencing submissions to me in accordance with the sentencing
submission procedures of my individual practices, which are
available on the Court's website.

MR. BROWN:  Yes, your Honor.

THE COURT:  Mr. Becker, the probation office will be
preparing a presentence report to assist me in sentencing you.
You will be interviewed by the probation office.  It is
important that the information that you give to the probation
officer be truthful and accurate.  The report is important in
my decision as to what your sentence will be.  You and your
attorney have a right and will have an opportunity to examine
the report, to challenge or comment on it, and to speak on your
behalf before sentencing.  Failing to be truthful with the
probation office and the Court may have an adverse effect on
your sentence and may subject you to prosecution.

Do you understand that?

THE DEFENDANT:  Yes, I do.

M4l2becP kjc

1          THE COURT:  Thank you.

2          Is there a proposed bail package?

3          MR. PODOLSKY:  There is, your Honor.

4          The parties have discussed and would propose that

5    Mr. Becker be released today upon the following conditions:

6          His signing of a $300,000 personal recognizance bond

7    to be signed within three weeks by one additional financially

8    responsible person; that he will surrender his passport and any

9    travel documents within -- also within the three weeks; and,

10   again, he would be released upon his signature today.

11         THE COURT:  And travel restricted to Southern District

12   and Eastern District?

13         MR. PODOLSKY:  Thank you, your Honor.  If I could just

14   have one moment on that.

15         (Counsel confer)

16         MR. PODOLSKY:  Your Honor, if we may have travel

17   restricted to the States of New York, Pennsylvania, and

18   New Jersey.

19         THE COURT:  And is the government comfortable with the

20   necessity of that range of travel and that it doesn't increase

21   in any untoward way any risk of flight?

22         MR. PODOLSKY:  Your Honor, in light of the --

23   particularly in light of the agreement between the parties,

24   we -- and the conditions that we have proposed, we are

25   comfortable that there would not be a risk of flight with these

M4l2becP kjc

1    conditions.

2            THE COURT:  Thank you.

3            And regular supervision?

4            MR. PODOLSKY:  Yes, your Honor.

5            THE COURT:  And so, again, for the record are you

6    comfortable that these conditions are sufficient to protect

7    against risk of flight and any danger to the community?

8            MR. PODOLSKY:  We are, your Honor.

9            THE COURT:  Thank you.

10           I approve the conditions as proposed, and I will do a

11   bail disposition sheet in a moment.

12           But, first, before I do that, let me ask Officer

13   Jackson whether she has any concerns or whether there are any

14   other matters, major matters that she believes should be

15   addressed in the disposition sheet.

16           THE PROBATION OFFICER:  No.  That was all, your Honor.

17   Thank you.

18           THE COURT:  Thank you.

19           So give me a moment and I will do the disposition

20   sheet now and tell you all what I have put on it and then you

21   can be sure we are literally on the same page about it.

22           Did Mr. Becker surrender voluntarily?

23           MR. PODOLSKY:  He did, your Honor.

24           THE COURT:  So I have noted here that it was a

25   voluntary surrender; that there are agreed conditions of

M4l2becP kjc

```
1    release of $300,000 PRB with one financially responsible

2    person; travel is restricted to the States of New York,

3    Pennsylvania, and New Jersey; surrender of travel documents and

4    no new applications; regular pretrial supervision; defendant to

5    be released on own signature; remaining conditions to be met by

6    21 days.

7              Does that cover everything?

8              MR. PODOLSKY:  I believe so, your Honor.

9              MR. BROWN:  Yes, your Honor.

10             THE COURT:  Mr. Becker, do you understand the

11   conditions that we have discussed and under which I am granting

12   you release pending trial?

13             THE DEFENDANT:  Yes.

14             THE COURT:  I mean pending sentencing.

15             THE DEFENDANT:  Yes.

16             THE COURT:  And do you understand that the

17   consequences of violating any of these conditions can be

18   serious and that the consequences of violating them can be

19   severe?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Counsel, is there anything further that we

22   need to take up together this afternoon?

23             MR. PODOLSKY:  Not for the government, your Honor.

24             MR. BROWN:  No, your Honor.  Thank you.

25             THE COURT:  All right.  Thank you, all.  Stay safe and
```

M4l2becP kjc

1    be well.

2              And again, this is a sealed transcript.

3              We are adjourned.

4              MR. BROWN:  Thank you, your Honor.

5              MR. PODOLSKY:  Thank you, your Honor.

6                            oOo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25