UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                         :

COMMODITY FUTURES TRADING     :
COMMISSION,                                :

                           Plaintiff,     :       No. 22-cv-3401 (JPO)

                                         :

        - against -              :

                                         :

ARCHEGOS CAPITAL MANAGEMENT, LP and  :
PATRICK HALLIGAN                      :
                         Defendants.   :

                                         :
-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION TO INTERVENE AND STAY DISCOVERY

FRIEDMAN KAPLAN SEILER &
 ADELMAN LLP

7 Times Square
New York, NY  10036-6516
(212) 833-1100

November 17, 2022           *Attorneys for Patrick Halligan*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF RELEVANT FACTS ...................................................................................2

ARGUMENT .............................................................................................................................4

      A.     The Government's Stay Motion Is Premature ........................................................6

      B.     The Government Has Not Met Its Burden to Justify the Entry of a Blanket
            Discovery Stay ......................................................................................................8

      C.     Limited Objection to the Government's Motion to Intervene .............................11

CONCLUSION .........................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*E.E.O.C. v. Global Horizons, Inc.*,
No. 11-CV-00257, 2012 WL 874868 (D. Haw. Mar. 13, 2012) ...............................................6

*F.T.C. v. Johnson*,
No. 10-CV-02203, 2013 WL 3155311 (D. Nev. June 19, 2013)...............................................6

*GolTV, Inc. v. Fox Sports Latin Am. Ltd.*,
No. 16-24431-CV, 2017 WL 5175600 (S.D. Fla. May 25, 2017)............................................7

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012).............................................................................................2, 4, 5

*S.E.C. v. Chakrapani*,
No. 09-CV-1043, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) .............................................9

*S.E.C. v. Cioffi*,
No. 08-CV-2457, 2008 WL 4693320 (E.D.N.Y. Oct. 23, 2008)................................4, 5, 7, 10

*S.E.C. v. Dresser Indus.*,
628 F.2d 1368 (D.C. Cir. 1980) .............................................................................................4

*S.E.C. v. Fraser*,
No. 09-CV-00443, 2009 WL 1531854 (D. Ariz. June 1, 2009) ............................................6, 7

*S.E.C. v. Gilbertson*,
No. 16-CV-3779, 2017 WL 5172313 (D. Minn. May 12, 2017)............................................10

*S.E.C. v. Gupta*,
No. 11-CV-7566, 2011 WL 5977579 (S.D.N.Y. Nov. 30, 2011) ............................................5

*S.E.C. v. Holcom*,
No. 12-CV-1623, 2013 WL 12073831 (S.D. Cal. Sept. 6, 2013)...........................................11

*S.E.C. v. Kanodia*,
153 F. Supp. 3d 478 (D. Mass. 2015) ............................................................................ *passim*

*S.E.C. v. Mazzo*,
No. 12-CV-1327, 2013 WL 812503 (C.D. Cal. Feb. 25, 2013) ..............................................7

*S.E.C. v. O'Neill*,
98 F. Supp. 3d 219 (D. Mass. 2015) .......................................................................................9

ii

**Page(s)**

*S.E.C. v. Saad*,
    229 F.R.D. 90 (S.D.N.Y. 2005) .........................................................................8, 10

*S.E.C. v. Saad*,
    384 F. Supp. 2d 692 (S.D.N.Y. 2005).................................................................5, 8

*S.E.C. v. Sandifur*,
    No. 05-CV-1631, 2006 WL 3692611 (W.D. Wash. Dec. 11, 2006) ........................5

*United States v. All Funds on Deposit in any Acct. at Certain Fin. Institutions Held*
    *in the Names of Certain Individuals*, 767 F. Supp. 36 (E.D.N.Y. 1991) ...................9

**Statutes, Rules, and Regulations**

28 U.S.C. § 2462 ....................................................................................................3

Fed. R. Civ. P. 24 .................................................................................................11

**Other Authorities**

DOJ Press Conference, "United States Attorney Announces Charges in Connection
    with Collapse of Archegos Capital Management," April 27, 2022, *available at*
    https://youtu.be/DZIWvpDmhc8 ........................................................................3

DOJ Office of Public Affairs Release: "Four Charged in Connection with
    Multibillion-Dollar Collapse of Archegos Capital Management," April 27,
    2022, *available at* https://bit.ly/3dRCFjF .........................................................3

SEC, "SEC Charges Archegos and its Founder with Massive Market Manipulation
    Scheme," Press Release No. 2022-70, April 27, 2022, *available at*:
    https://www.sec.gov/news/press-release/2022-70 ..................................................3

CFTC, "CFTC Charges Archegos Capital Management and Three Employees with
    Scheme to Defraud Resulting in Swap Counterparty Losses Over $10 Billion,"
    Press Release No. 8520-22, April 27, 2022, *available at*
    https://www.cftc.gov/PressRoom/PressReleases/8520-22 ......................................3

Milton Pollack, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. 201
    (1990)..................................................................................................................4

Patrick Halligan respectfully submits this memorandum of law in opposition to the application by the U.S. Attorney's Office for the Southern District of New York (the "**Government**") to intervene and stay discovery in this action until the conclusion of the proceedings in *U.S. v. Sung Kook (Bill) Hwang et ano.*, No. 22-Cr-240 (AKH) (the "**Criminal Case**").[1]

## PRELIMINARY STATEMENT

The Government's Stay Motion is not ripe. No discovery has occurred; no party has sought to commence discovery; the Court has not directed the parties to convene to discuss a discovery plan pursuant to Rule 26(f); and all of the defendants have filed case dispositive motions (twice now), which will be fully briefed in early 2023, and which the Government agrees the Court should be allowed to consider and decide. The Government's sudden application to stay discovery is unwarranted and premature given this case's current posture.

Mr. Halligan respectfully submits that the Court should deny the Stay Motion without prejudice to the Government's right to interpose objections if and when any party seeks to proceed with particular discovery in this action. At that time, the Court could assess whether the Government has met its high burden to justify a targeted stay based on the particulars of the actual discovery being sought, not the speculative and hypothetical concerns that the Government posits in the Stay Motion.

However, if the Court is inclined to resolve the Stay Motion on its merits now, the motion should be denied because the Government has not met its burden to show that a blanket discovery stay is needed to avoid "substantial prejudice" to its own or anyone else's interests. The

---

[1] The Government's application to intervene and stay discovery (the "**Stay Motion**") was filed as ECF No. 51. The Government has also filed a motion to intervene and stay discovery in the civil action commenced by the Securities and Exchange Commission ("**SEC**"). *See* ECF No. 70 in Case No. 22-cv-3402-JPO. Mr. Halligan has opposed that motion on the same grounds set forth herein. *See* ECF No. 76 in Case No. 22-cv-3402.

Government speculates that if parallel discovery were to occur in this case, the individual defendants might receive discovery materials sooner than they would have received them in the Criminal Case. *See* Stay Mot. at 13-15. That concern is inchoate in this case, given that no discovery has occurred or is currently scheduled to occur. But even if that were not so, courts have repeatedly rejected the Government's premise that it should be allowed to "take advantage of the benefits of dual prosecutions, but then complain when the defendants, too, find ways to benefit from the otherwise very burdensome task of having to defend on two fronts at the same time." *S.E.C. v. Kanodia*, 153 F. Supp. 3d 478, 483-84 (D. Mass. 2015) (denying prosecution's motion to stay discovery).

The Second Circuit has made clear that a stay is an "extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-98 (2d Cir. 2012). The Government's Stay Motion asks the Court to defy that standard, because if a stay is granted here where discovery has not even been sought, then a stay could be granted in *every* parallel proceeding. As discussed further below, that is not the law.

## STATEMENT OF RELEVANT FACTS

The Government spends three pages reciting the unproven allegations of the criminal indictment against Messrs. Hwang and Halligan (the "**Indictment**"), but that discussion is entirely gratuitous to the merits of the Stay Motion. *See* Stay Mot. at 3-5.[2] For the purposes of the Stay Motion, only two facts are germane. The Government's brief in support of the Stay Motion ignores one of those facts and misstates the other.

---

[2] Just like the complaints filed by the Commodity Futures Trading Commission ("**CFTC**") in this case and the SEC in its parallel proceeding, the Indictment is legally defective and factually wrong. Mr. Halligan is an innocent man, and he looks forward to complete vindication when these matters are resolved. To that end, he has already moved to dismiss the CFTC's and SEC's complaints— first their initial complaints and then their amended complaints—on the basis of their comprehensive legal deficiency, and he will be moving to dismiss the Indictment on December 2.

*First*, the Government neglects to explain that the simultaneity of the three actions is entirely a product of the Government and regulators' tactical decisions to synchronize their cases. Indeed, just hours after the Indictment was unsealed and the SEC and CFTC filed their complaints, the three governmental offices made a splashy show of their coordination, standing together for a joint press conference and issuing press statements, with each office thanking the others for "invaluable" aid and assistance in the joint investigation.[3] While the simultaneous, choreographed filings and press releases might have maximized the media fanfare, they served no legitimate litigation purpose, and certainly were not necessary, because the statutes of limitations applicable to the SEC's and CFTC's claims against Mr. Halligan still have years left to run.[4]

---

[3]  The Government published the video of the joint press appearance at https://youtu.be/DZIWvpDmhc8 ("United States Attorney Announces Charges in Connection with Collapse of Archegos Capital Management," April 27, 2022). At the 9:16 mark of the recording, the U.S. Attorney states: "I also want to thank our partners at the FBI, the SEC, and the CFTC. *Their dedication and hard work on this investigation was invaluable*." (Emphasis added.)

*See also* DOJ Office of Public Affairs Release: "Four Charged in Connection with Multibillion-Dollar Collapse of Archegos Capital Management," April 27, 2022, *available at* https://bit.ly/3dRCFjF ("This case was investigated by the U.S. Attorney's Office for the Southern District of New York and the FBI. The Justice Department's Organized Crime and Gang Section provided valuable assistance. *The U.S. Securities and Exchange Commission and the U.S. Commodity Futures Trading Commission, each of which today filed a parallel civil action, assisted and cooperated in this investigation*."); SEC, "SEC Charges Archegos and its Founder with Massive Market Manipulation Scheme," Press Release No. 2022-70, April 27, 2022, *available at*: https://www.sec.gov/news/press-release/2022-70 ("*The SEC acknowledges the assistance and cooperation of the U.S. Attorney's Office for the Southern District of New York, the FBI, and the CFTC*"); CFTC, "CFTC Charges Archegos Capital Management and Three Employees with Scheme to Defraud Resulting in Swap Counterparty Losses Over $10 Billion," Press Release No. 8520-22, April 27, 2022, *available at* https://www.cftc.gov/PressRoom/PressReleases/8520-22 ("*The Division of Enforcement thanks and acknowledges the assistance of the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, and the SEC.*") (all emphases added).

[4]  Both the SEC and the CFTC allege misconduct during the period from March 2020 through March  2021. SEC Amended Compl. ¶ 3 (ECF No. 47); CFTC Amended Compl. ¶ 1 (ECF No. 33 in Case No. 22-cv-3401-JPO). The SEC brought claims against Mr. Halligan under § 10(b) of the Exchange Act and § 17(a) of the Securities Act. The CFTC brought a claim against Mr. Halligan under § 6 of the Commodity Exchange Act. The statute of limitations for all of these provisions is five years from the date of the alleged violation. 28 U.S.C. § 2462.

*Second*, the Stay Motion argues that the defendants are "seeking discovery in the CFTC Case," but this is simply false. Stay Mot. at 2. No discovery has occurred in this case, and no party has indicated any present intention to seek discovery. The basis for the Government's representation that the defendants are seeking discovery at this time is unclear. In fact, in meet-and-confer correspondence with the Government that preceded the Stay Motion, counsel for Mr. Halligan highlighted the fact that no discovery has been sought in the six months that this case has been pending.[5]

## ARGUMENT

On this motion, the Government bears the burden to demonstrate that a stay of discovery is appropriate to avoid specific prejudice. *See S.E.C. v. Cioffi*, No. 08-CV-2457, 2008 WL 4693320, at *1 (E.D.N.Y. Oct. 23, 2008) (cleaned up) (denying Government's motion for a complete stay of discovery in parallel civil enforcement action). It is not enough for the Government to rely on "blanket claims of prejudice," particularly where "the government is responsible for the simultaneous proceedings in the first place." *Id.* A stay pending the conclusion of a related criminal case is "an extraordinary remedy," *Louis Vuitton*, 676 F.3d at 98 (cleaned up), which may be justified only in "special circumstances," *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980); *see also* Milton Pollack, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. 201, 209 (1990) ("there is a strong presumption in favor of discovery that any party— the Government no less than any other litigant—must overcome if it seeks to withhold production or depositions").

The Government suggests that a discovery stay should be granted as a matter of routine, Stay Mot. at 8, but the law requires a more rigorous analysis against the context of the particular case. As Judge Rakoff has explained, the "starting point" is that "discovery and other

---

[5]  *See* **Exhibit A** to the accompanying Declaration of Timothy M. Haggerty ("**Haggerty Decl.**").

proceedings ought to proceed in the normal course, notwithstanding the happenstance that some discovery also relates to a parallel criminal matter." *SEC v. Saad*, 384 F. Supp. 2d 692, 693 (S.D.N.Y. 2005); *SEC. v. Gupta*, No. 11-CV-7566, 2011 WL 5977579, at *1 (S.D.N.Y. Nov. 30, 2011) (same).

 Assessing whether the Government has met its burden to overcome this presumption requires an assessment of the particular circumstances. *Gupta*, 2011 WL 5977579, at *1. In that assessment, courts often consider some or all of the factors set out in *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, even while the Second Circuit has cautioned against using any "check list of factors" or "mechanical devices":

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

676 F.3d 83, 99 (2d Cir. 2012) (cleaned up).

 Applying these factors, courts in this Circuit and others "regularly deny" prosecutors' efforts (like the Government's effort here), to pre-emptively shut down discovery in parallel civil cases where (like in this case) "civil regulators have worked directly in concert with the criminal prosecutors during the investigation and the Government has used parallel proceedings to its advantage." *S.E.C. v. Sandifur*, No. 05-CV-1631, 2006 WL 3692611, at *2 (W.D. Wash. Dec. 11, 2006); *Cioffi*, 2008 WL 4693320, at *1 ("Courts are justifiably skeptical of blanket claims of prejudice by the government where—as here—the government is responsible for the simultaneous proceedings in the first place."); *Kanodia*, 153 F. Supp. 3d at 482 (denying stay and explaining that "exposing the government's case or testing witness recollections will not fundamentally compromise an ongoing investigation or prosecution. Moreover, these are the risks

3698257.1

that the government and the SEC run when they elect to pursue parallel investigations and prosecutions."); *F.T.C. v. Johnson*, No. 10-CV-02203, 2013 WL 3155311, at *3 (D. Nev. June 19, 2013) (denying stay and explaining that "the United States' position seems to require a stay of civil proceedings *in nearly all cases involving concurrent civil and criminal actions*. But the Court is mindful that it was the government's decision—not Defendants'—to bring both simultaneously. . . Whatever strategic advantage the government may retain from the criminal discovery rules is forfeited when it decides to bring a concurrent civil proceeding, in the absence of any specific prejudice that may result from their simultaneous running.") (emphasis added); *E.E.O.C. v. Global Horizons, Inc.*, No. 11-CV-00257, 2012 WL 874868, at *5 (D. Haw. Mar. 13, 2012) (denying motion for a complete discovery stay, holding that the prosecution could raise objections to particular discovery requests on a case-by-case basis, and explaining that "while the Government may experience some hardship if the civil and criminal actions proceed simultaneously, this generalized and speculative concern [that the criminal case might be jeopardized because civil discovery is broader than criminal discovery] does not, in and of itself, outweigh the very real hardship that will be visited upon the Moving Defendants if discovery is completely stayed in the civil case."); *S.E.C. v. Fraser*, No. 09-CV-00443, 2009 WL 1531854, at *4 (D. Ariz. June 1, 2009) (denying stay, explaining that "the Government's generalized argument that civil discovery is broader than criminal discovery is not sufficient to establish . . . 'substantial prejudice'").

A.    <u>**The Government's Stay Motion Is Premature**</u>

Discovery in this case has not begun, no party is presently seeking to commence discovery, and it is possible that the case will *never* reach the point where a party is seeking to take discovery, particularly if the defendants' motions to dismiss the complaint are granted. The Government's Stay Motion should be denied because, on the present record, it is addressed to hypothetical scenarios and non-existent risks.

Denying a similarly premature stay motion where "[n]either defendant has answered the civil complaint and no discovery requests have been propounded," the court in *Cioffi* found that the Government's stay motion "exist[ed] in a vacuum," and that there was no basis for a "meaningful balancing of the competing interests at stake." 2008 WL 4693320, at *1. The court denied the motion without prejudice to the Government's right to interpose objections to particular discovery requests as the case proceeded. *Id*. at *2.

As in *Cioffi*, other courts have denied blanket stay applications where the Government could only—like here—point to generic or hypothetical complications that *might* occur if discovery were allowed to proceed. *See Fraser*, 2009 WL 1531854, at *4 ("The preferred course of action in these circumstances is for the Court to evaluate the Government's specific objections to discovery requests as they arise and, in lieu of a general stay, impose protective orders, seal interrogatories, impose a stay for a finite period of time, or limit a stay to a particular subject matter, if such remedies are warranted.") (cleaned up); *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, No. 16-24431-CIV, 2017 WL 5175600, at *4 (S.D. Fla. May 25, 2017) (denying Government's stay motion and concluding that "[a]ny potential concerns regarding discovery are adequately addressed if the civil case proceeds as usual, but the Government is allowed to participate in the civil discovery process as needed to object to particular requests or request protective orders related to certain evidence"); *Kanodia*, 153 F. Supp. 3d at 484 (denying blanket stay and holding that "the government may object to particular discovery requests, which the Court will address on a case-by-case basis"); *S.E.C. v. Mazzo*, No. 12-CV-1327, 2013 WL 812503, at *2 (C.D. Cal. Feb. 25, 2013) ("Indeed, without a more specific request—particular depositions that should be stayed, for example—the Court cannot perform the case-specific analysis required for a thoughtful decision about whether to deny [defendants] one of the means by which they can defend themselves in this civil case.").

That same result is appropriate here. If and when any party seeks to proceed with particular discovery, the Court may evaluate whether any prejudice would arise from that particular discovery, and whether that prejudice (if any) justifies a stay or protective order. Mr. Halligan anticipates that much of the discovery that might be sought in this case would not cause any prejudice, far less warrant a stay, but suggests that the analysis would be better undertaken in the context of the particular discovery being sought, not in the abstract. This approach would not prejudice the Government because it will retain the opportunity to interpose objections to particular discovery.

**B.**     **The Government Has Not Met Its Burden to Justify the Entry of a Blanket Discovery Stay**

If the Court is inclined to reach the merits of the Stay Motion on the present record, the Government plainly falls short of its burden to justify the entry of a blanket stay. The Stay Motion presents no concrete prejudice that would flow from allowing discovery to proceed, and instead relies on a speculative and generic concern that discovery in this case *might* somehow interfere with the parallel Criminal Case. *See* Stay Mot. at 13-14. But courts have repeatedly rejected prosecutors' arguments that "that allowing civil discovery to go forward could give a criminal defendant information earlier than the government would otherwise be required to disclose it, or access to witnesses prior to the criminal trial." *Kanodia*, 153 F. Supp. 3d at 481 (citing cases).

For example, in *Saad*, the Government argued—just as it argues here, *see* Stay Mot. at 13, 14—that it would be prejudiced if the defendants obtained discoverable materials (there, Jencks Act disclosure) through civil discovery sooner than they would have received them under the criminal discovery rules. Judge Rakoff called this position "near-frivolous" and "wholly speculative," and pointed out the perversity of the Government's argument that defendants should enjoy *less* discovery when they are facing *more* litigation. *S.E.C. v. Saad*, 229 F.R.D. 90, 92

8

(S.D.N.Y. 2005) (rejecting Government's argument that allowing discovery to proceed would afford defendants "a 'special advantage' because, if they were only facing a criminal indictment, they would not be entitled to these notes at this time. But the defendants are not just facing a criminal indictment; they are also facing a very serious SEC civil action, and they are thus fully entitled to the timely discovery that federal law grants them in defending such an action.").[6]

In *S.E.C. v. O'Neill*, the court likewise rejected the Government's argument "that allowing civil discovery to go forward could give a criminal defendant information earlier than the government would otherwise be required to disclose, and that this premature disclosure could, in effect, cost the government a tactical advantage to which it believes it is entitled." 98 F. Supp. 3d 219, 222 (D. Mass. 2015). The court explained that this was "a strategic and tactical consideration *that has little to do with the public interest or the interests of the defendants*," and in fact went further in criticizing the prosecution's proffered rationale for the proposed stay: "the evidence supporting an indicted criminal case ought to be able to survive scrutiny, and *the government should not be so invested in withholding information until disclosure is required*—after all, the goal is a just resolution in both the civil and criminal cases, and there is no doubt that confidence in an outcome is highest where the evidence is known and can be tested." *Id.* at 223-24 (emphases added).[7]

---

[6]  *See also United States v. All Funds on Deposit in any Acct. at Certain Fin. Institutions Held in the Names of Certain Individuals*, 767 F. Supp. 36, 42 (E.D.N.Y. 1991) ("mere conclusory allegations of *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil discovery . . . will not avail on a motion for a stay") (emphasis in original).

[7]  *See also S.E.C. v. Chakrapani*, No. 09-CV-1043, 2010 WL 2605819, at *11 (S.D.N.Y. June 29, 2010) (denying Government's motion to stay discovery, stating that that the court "is unaware of any legal requirement entitling the government to preserve its cooperators from examination before trial. What the government deems to be a right is, in fact, a litigator's preference to avoid cross-examination and related impeachment of prized witnesses.").

In the analysis of prejudice, the Government finds no support for its position by arguing that the defendants, including Mr. Halligan, would *not be prejudiced* by the entry of a stay. *See* Stay Mot. at 11-12. The Government should not be allowed to invert its burden: it must show that a stay is needed to *avoid* prejudice, not merely that a stay would not *cause* prejudice. *See Cioffi*, 2008 WL 4693320, at *1 (touchstone of stay motion is to "*avoid* prejudice") (emphasis added; citation omitted). In any event, the Government's purported concern for Mr. Halligan's rights is not credible, and its evaluation of his interests is not correct. *See Kanodia*, 153 F. Supp. 3d at 483 (observing that "[a]lthough the Court appreciates the government's concern for resources and its willingness to assess prejudice on behalf of a defendant, both assessments are undermined by the somewhat self-serving nature of the government's conclusions"); *S.E.C. v. Gilbertson*, No. 16-CV-3779, 2017 WL 5172313, at *2 (D. Minn. May 12, 2017) ("there is no reason to assume the United States has better insight on that issue than [defendant] and his attorneys").[8]

Having failed to show any specific prejudice—far less any "substantial prejudice"—warranting a stay at this time, the Stay Motion should be denied.

---

[8] Insofar as the Government relies on the potential that the individual defendants may invoke their Fifth Amendment rights—as they would be Constitutionally entitled to do—during discovery, that is no basis for a blanket discovery stay. As numerous courts have concluded, defendants' rights can be properly respected by deferring any discovery taken from them until after the related criminal proceedings have concluded. *See Saad*, 229 F.R.D. at 91; *Gilbertson*, 2017 WL 5172313, at *3; *Kanodia*, 153 F. Supp. 3d at 483. The Government's complaint that this might result in an "asymmetry," Stay Mot. at 15, is not credible given that maintaining asymmetrical discovery is the entire purpose of the Stay Motion. Moreover, any concern about the parties' relative access to discovery *in this civil case* is of no moment to the Government, because it is not a party here.

3698257.1

**C.**     **Limited Objection to the Government's Motion to Intervene**

The Government states that it is seeking intervention pursuant to Rule 24(a)(2) and "Rule 24(b)(2),"[9] and its brief does not clarify whether it seeks limited intervention only for the purpose of the Stay Motion, or whether it seeks intervention for all purposes. *See* Stay Mot. at 6-7.

Mr. Halligan opposes the Government's application insofar as it made pursuant to Rule 24(a)(2) because, for the reasons discussed above, the Government has not shown how "disposing of the action may as a practical matter impair or impede the [Government's] ability to protect its interests" and that "existing parties [cannot] adequately represent that interest." *Id.*; *see S.E.C. v. Holcom*, No. 12-CV-1623, 2013 WL 12073831, at *2 (S.D. Cal. Sept. 6, 2013) (denying intervention of right; granting permissive intervention pursuant to Rule 24(b)(1)(B) "for the limited purpose of seeking a stay in the civil action," as "it would probably not be appropriate for the criminal arm of the United States government to become substantially involved in this civil case"). While the Government addresses the risk of a trial occurring in this case before a trial in the Criminal Case, that concern is hypothetical, improbable, and at most adjacent to the actual subject of the Stay Motion (i.e., *discovery*, not the *trial* schedule). Stay Mot. at 7. Trial in the Criminal Case is scheduled to begin in October 2023, and it is not conceivable that this case will be trial ready before that date.

Mr. Halligan does not oppose the Government's motion to intervene insofar as it is made under Rule 24(b)(1)(B) and for the limited purpose of seeking a discovery stay. To the extent the Government seeks to intervene for purposes unrelated a discovery stay, the Government has not met its burden to show why such intervention is appropriate or why it would not cause "undu[e] delay or prejudice [to] the adjudication of the original parties' rights." Rule 24(b)(3).

---

[9] The Government cites Rule 24(b)(2), but it quotes Rule 24(b)(1)(B). Stay Mot. at 6. We understand it be relying upon only the latter rule for permissive intervention.

## **CONCLUSION**

        For the foregoing reasons, the Stay Motion is not ripe and it should be denied.

Dated:  New York, New York
          November 17, 2022

                    Respectfully Submitted,

                    FRIEDMAN KAPLAN SEILER &
                      ADELMAN LLP

                    s/ Timothy M. Haggerty
                    Mary E. Mulligan (mmulligan@fklaw.com)
                    Bonnie M. Baker (bbaker@fklaw.com)
                    Timothy M. Haggerty (thaggerty@fklaw.com)
                    Anil Vassanji (avassanji@fklaw.com)
                    Rupita Chakraborty (rchakraborty@fklaw.com)
                    7 Times Square
                    New York, New York  10036-6516
                    (212) 833-1100

                    *Attorneys for Patrick Halligan*

3698257.1