UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>       Plaintiff,<br><br>  v.<br><br>ARCHEGOS CAPITAL MANAGEMENT, LP and PATRICK HALLIGAN,<br><br>       Defendants. | Case No. 22-CV-3401<br><br>Hon. J. Paul Oetken |

### PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION TO STAY

  Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") respectfully submits this reply to the submissions by Defendants Archegos Capital Management, LP ("Archegos") and Patrick Halligan (collectively, "Defendants") (DE 56-58) in which Defendants oppose the United States' motion for a complete stay of discovery during the pendency of the parallel criminal action, *United States v. Sung Kook (Bill) Hwang, et al.*, 22 Cr. 240 (AKH) (S.D.N.Y.) (the "Criminal Case").

  The CFTC takes no position on the United States' motion to stay discovery pending resolution of the Criminal Case (the "Motion to Stay"), and therefore does not oppose the motion. The CFTC does, however, oppose any suggestion by the Defendants to partially stay this action on asymmetrical terms that would permit Defendants to obtain discovery while shielding Defendants from having to provide discovery themselves. The Court should reject any such proposal because it is inefficient, inequitable, and would unfairly prejudice the Commission.

**Defendants' Proposed Partial Stay Is a Veiled Request for One-Sided Discovery**

Defendants claim to object to the "premature" and "blanket" nature of the stay sought by the United States, and suggest instead that the Court should assess each particular future discovery request individually to assess whether such discovery would threaten the criminal proceedings or impinge upon any person's Fifth Amendment rights. Defendants' proposal, however, inherently contemplates that discovery would be not merely fragmentary, but also markedly asymmetrical.

Although Defendants avoid saying so explicitly, it is clear that Halligan, at minimum, contemplates invoking his Fifth Amendment privilege against self-incrimination in order to shield himself from discovery under Defendants' proposal.[1] "Discovery" as envisioned by Defendants, would therefore be a largely one-sided affair. Under Defendants' proposal, the CFTC must provide initial disclosures, respond to voluminous document requests, answer interrogatories and requests for admission, and prepare for and attend depositions noticed by Defendants. By contrast, if Halligan and/or Hwang simply declare that testifying would implicate their Fifth Amendment privilege against self-incrimination, the CFTC would be unable to obtain their testimony or obtain responses to interrogatories and requests for admissions from Halligan. In turn, the CFTC would be precluded from seeking evidence clarifying Defendants' positions or defenses, or understanding what facts remain at issue.

Although Halligan certainly has a right to avoid self-incrimination, Defendants do not have a right to use the Fifth Amendment privilege as both a sword and a shield by obtaining the

---

[1] Archegos's founder and owner, Sung Kook (Bill) Hwang ("Hwang"), who is a defendant in the Criminal Case and a central figure in the CFTC action, would also more than likely invoke his Fifth Amendment privilege in civil discovery under Defendants' proposal.

2

benefits of the privilege against self-incrimination without actually being required to assert the Fifth Amendment or suffer the resulting consequences. The Court should see Defendants' request for what it is: an improper attempt to obtain wide-ranging discovery, while Defendants are shielded from providing discovery to the CFTC.[2]

### Defendants' Proposal for Wide-Ranging One-Sided Discovery Would Be Inefficient and Unfairly Prejudice the Commission

Proceeding now with fragmentary discovery without the benefit of testimony from two central figures in the case – Halligan and Hwang – will have little benefit to the expeditious resolution of this case, but will magnify the burdens on all parties and significantly prejudice the CFTC. If Defendants' proposed partial stay is granted, discovery in this litigation will proceed in a piecemeal and inefficient manner. After the stay is lifted at the conclusion of the Criminal Case, the CFTC likely would need to re-depose witnesses (and newly depose others) in light of the testimony given. As the Second Circuit has held, a court may "reasonably presume" that an opposing party will "suffer prejudice (at the very least from increased costs and delays) when a

---

[2] Defendants have failed to offer any coherent reason why they will be prejudiced by a full stay or alternatively why a partial stay with such asymmetrical terms is justified. Indeed, Halligan does not even attempt to identify any harm that he would suffer from a full stay of discovery in this case, and the purported harms proffered by Archegos are not credible. Archegos argues that although it has no ongoing business operations and is currently winding down its affairs, it supposedly is motivated to litigate this action expeditiously in order to "clear its name" and "vindicate" the reputations of over 50 former employees who are "being unfairly associated with a family office that has been accused of securities [and commodities] fraud." Archegos Mem. L. (DE 57) at 7, 16. That facially dubious explanation of Archegos's motivations ignores reality. Archegos has not merely been accused of fraud; rather, senior Archegos personnel – its chief risk officer and head trader – have *already* pled guilty in this district, entered into consent judgments in a related action brought by the Securities and Exchange Commission ("SEC"), and have admitted to engaging in the charged scheme through administrative settlements with the CFTC. It is beyond reasonable dispute that Archegos's reputation will not be "vindicated" irrespective of the outcome of this case. Halligan, Archegos, Archegos's founder Hwang and others are also engaged in active litigation with at least one former employee who asserts claims on behalf of himself and other employees, based *inter alia* upon allegations that Hwang and Halligan ran Archegos as a "personal fiefdom" for Hwang and fraudulently misappropriated the deferred compensation of Archegos's employees. *See Sullivan v. Hwang et al.*, No. 1:22-cv-05675-PGG (S.D.N.Y.). The Court should regard with skepticism Archegos's assertion that its litigation positions are driven by an altruistic desire to "vindicate" the reputation of its uncharged former employees – as opposed to being driven by the criminal exposure that Hwang and Halligan face in the Criminal Case. Moreover, there is no justification provided by Defendants that would warrant a partial stay whereby Defendant Halligan or Hwang should be permitted to defer any of their discovery obligations simply because they deem such discovery will impede their Fifth Amendment privilege against self-incrimination.

litigant relies on the Fifth Amendment during discovery." *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 86 (2d Cir. 1995); *see also S.E.C. v. Benson*, 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987) (rejecting as unreasonable defendant's request to conduct discovery without "yielding his shield of protection" afforded by Fifth Amendment privilege, as a defendant "cannot have it both ways.") (Leval, J.); *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 550 (S.D.N.Y. 1985) (declining to allow defendant to wait until near the close of discovery to decide whether to withdraw assertion of Fifth Amendment privilege, because information from defendant would "have a definite impact on the course of the SEC's discovery and should be obtained at the outset… [and it] is likely that the SEC will pursue different avenues of discovery depending on [defendant's] decision").[3]

Such a one-sided stay is deeply prejudicial, and has been rejected by numerous courts, including in recent decisions in this District. *See, e.g.*, *S.E.C. v. Milton*, No. 21 CIV. 6445 (AKH), 2022 WL 3156180, at *5 (S.D.N.Y. Aug. 8, 2022) (granting stay over defendant's objection, and *sua sponte* observing that "allowing civil discovery to proceed could prejudice the SEC in this action because it would result in largely one-sided discovery, as Defendant would be able to notice depositions, gather scores of documents and witness testimony from the SEC, without being subjected to the same process"); *S.E.C. v. Calabrigo*, No. 22-CV-3096 (LJL), 2022 WL 4752427, at *6 (S.D.N.Y. Sept. 30, 2022) (granting full stay of discovery and rejecting

---

[3] Because a partial stay is inherently inefficient, courts have stayed discovery as to all parties even where Fifth Amendment concerns applied only to a subset of the defendants, particularly where, as here, a corporate defendant's officers are the subject of criminal charges. *See Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc*., 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995) (granting full stay and rejecting partial stay in part due to efficiency concerns); *Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp*., 225 F. Supp. 2d 263, 266 (E.D.N.Y. 2002) (ordering complete stay of proceedings, as partial stay as to the "central figures … could lead to duplicative depositions because the plaintiff may need to re-depose certain individuals depending on the testimony given"); *Volmar Distribs. v. New York Post Co*., 152 F.R.D. 36, 41 (S.D.N.Y. 1993) (rejecting partial stay because plaintiffs would likely have to seek to depose central figures in case, "and then may need to re-depose individuals in light of the critical testimony" obtained).

defendants' request for partial stay); *S.E.C. v. Shkreli*, No. 15-cv-7175 (KAM), 2016 WL 1122029, at *7 (E.D.N.Y. Mar. 22, 2016) (same); *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (granting stay in SEC case and noting that "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render civil discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the Defendant."); *S.E.C. v. Giguiere*, No. 18-cv-1530, 2018 WL 9516048, at *3 (C.D. Cal. Oct. 24, 2018) (finding that assertions of "Fifth Amendment rights made by parties and witnesses in this civil case will render civil discovery complicated, costly, and one-sided.").

**A Partial Stay Will Result in Inefficient Use of Judicial Resources**

Finally, the piecemeal approach to discovery advocated by Defendants would burden judicial time and resources to resolve a myriad of discovery disputes. *See Shkreli*, 2016 WL 1122029, at *6 ("By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." (quoting *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)); *see also Parker v. Dawson*, No. 06-CV-6191 JFB WDW, 2007 WL 2462677, at *7 (E.D.N.Y. Aug. 27, 2007) (granting joint request by government and defendant for full stay, and rejecting partial stay as inefficient).

**Conclusion**

For the foregoing reasons, the Commission does not object to the United States' motion for a complete stay of discovery, and respectfully requests that the Court deny Defendants' proposal for a partial stay. The Commission further requests, in the event that the Court is not

inclined to grant the United States' motion for a complete stay in its entirety, that any discovery should be permitted only on symmetrical terms.

Dated: November 23, 2022

Respectfully submitted,

/s/ *Jacob Mermelstein*
Jacob Mermelstein, Trial Attorney
Steven I. Ringer, Chief Trial Attorney
Alejandra de Urioste, Chief Trial Attorney
John C. Murphy, Trial Attorney
Benjamin J. Rankin, Trial Attorney
Manal M. Sultan, Deputy Director

COMMODITY FUTURES
  TRADING COMMISSION
Division of Enforcement
290 Broadway, Suite 600
New York, NY 10007
Phone: (646) 746-9700
Fax: (646) 746-9938
sringer@cftc.gov
adeurioste@cftc.gov
jmurphy@cftc.gov
jmermelstein@cftc.gov
brankin@cftc.gov